☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re:   **LaTonya Sharee Hill**                                    Case No.

Debtors:                                                             Chapter 13

# CHAPTER 13 PLAN

**ADDRESS:**   (1)  4755 Southern Hill # 105          (2)
                    Memphis, TN 38125

**PLAN PAYMENT:**
**Debtor(1)** shall pay $ 120.00    (☑) weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
☑ PAYROLL DEDUCTION From: Federal Express    OR ( ) DIRECT PAY

**Debtor(2)** shall pay $    (☐) weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
☐ PAYROLL DEDUCTION From:    OR ( ) DIRECT PAY

**1. THIS PLAN [Rule 3015.1 Notice]:**

(A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]    ☐ YES   ☑ NO
(B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION    ☐ YES   ☑ NO
    OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
(C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].    ☐ YES   ☑ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; OR ☑ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**                                                Monthly Plan Payment:

**None**    Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, **OR** ☐ Trustee to:
            ongoing payment begins _____                $ _____
            Approximate arrearage: _____

**5. PRIORITY CLAIMS:**

-NONE-                          Amount  _____    $ _____

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); **OR** ☐ Paid by Trustee to:

**None**   ongoing payment begins _____          $ _____
           Approximate arrearage: _____   Interest _____    $ _____

**7. SECURED CLAIMS:**

[Retain lien 11 U.S.C. §1325 (a)(5)]    Value of Collateral:    Rate of Interest    Monthly Plan Payment:

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

| [Retain lien 11 U.S.C. §1325 (a)] | Value of Collateral: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| **Credit Acceptance** | 19,000.00 | 7.00 | $400.00 |
| **Furniture Depot** | 200.00 | 7.00 | $10.00 |
| **Home Decor** | 200.00 | 7.00 | $10.00 |

9. **SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

-NONE-                                                    Collateral:

10. **SPECIAL CLASS UNSECURED CLAIMS:**

|  | Amount: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| -NONE- |  |  | $ |

11. **STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

Security Credit System, Navient        ☑ Not provided for   **OR**   ☐ General unsecured creditor

12. **THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

-NONE-

13. **ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

14. **ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $64,379.00**

15. **THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐ _____ %, OR,
☑ THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. **THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

The Park At Forest Hill: residneece lease        ☑ Assumes  **OR**  ☐ Rejects.

17. **COMPLETION:** Plan shall be completed upon payment of the above, approximately **0** months.

18. **FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

19. **NON-STANDARD PROVISION(S):**

None

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

20. **CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/Earnest Fiveash                                           Date  8/26/2019                          .
**Earnest E. Fiveash 10769**
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**